[L. A. No. 4174. Department Two.—March 12, 1918.]

## A. VEREIN et al., Appellants, v. CHARLES FREY, Respondent.

AGENCY—NEGOTIATION OF LOAN—RELATIONSHIP OF PARTIES—FINDING— EVIDENCE.—In this action to cancel a note and mortgage executed as security for a loan, the evidence is sufficient to sustain the finding that the agent, who negotiated the loan and received the proceeds, acted as the duly authorized agent of the mortgagors in the transaction.

ID.—SUFFICIENCY OF FINDING.—In such action, a finding that the loan agent was the agent of the plaintiffs is equivalent to a finding that he was not the agent of the defendant.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Bischoff & Thompson, for Appellants.

Theron Stevens, and J. R. Gilliland, for Respondent.

MELVIN, J.—Plaintiffs appeal from a judgment and from an order denying their motion for a new trial.

There is very little difference between the parties to the litigation regarding the facts. Plaintiffs applied to one Engelman, a loan agent, for money to erect a house on their land. The application was in writing and contained among other things the following language:

"You are hereby authorized to procure this loan from any person or company and apply so much of the proceeds of said loan as is needed to remove any existing encumbrances, and to pay for the certificate of title, recording fees, insurance or any necessary expenses in closing the loan."

Thereafter Engelman arranged with Charles Frey to advance one thousand two hundred dollars on a note for $1,250, supported by a mortgage. Such a note and mortgage were executed by plaintiffs, delivered to Engelman and by him transmitted to Frey, and pursuant to agreement six hundred dollars was then paid to Engelman. Subsequently the balance of the one thousand two hundred dollars, in various sums as Engelman reported the need for funds to pay bills due on the house under construction on the premises, was paid. Plaintiffs asserted that they had received only five hundred dollars, which they offered to restore, and they asked for a cancellation of their contract with defendant. The court decided that the payment by the defendant of the several sums which aggregate one thousand two hundred dollars to P. J. Engelman constituted a payment to the plaintiffs of the full consideration for the execution of the note and mortgage.

Plaintiffs attack the finding that in all matters relating to the loan and receiving payment thereon Engelman acted as the duly authorized agent of plaintiffs. There can be no doubt of the correctness of this finding. In addition to the writing quoted above there was testimony on the part of the plaintiff, A. Verein, that he never saw defendant during the progress of the building and that he knew Engelman was handling the money. True, he says, he objected to that arrangement, yet confessedly the five hundred dollars for repayment of which he admits himself bound was paid by Engelman in settling bills of those who had performed labor and furnished materials for the building on the land of plaintiffs. Not only the writing but the entire course of conduct on the part of Verein supported the court's finding and conclusion regarding Engelman's agency.

Complaint is made by appellants that there was no finding by the court responsive to the evidence tending to show that Engelman was the agent of Frey. No such issue was raised by the pleading, but if it had been raised, no finding on that

matter would have been necessary because the court found on evidence duly supporting such finding that Engelman was the agent of plaintiffs—an equivalent to a finding that he was not Frey's agent.

The judgment and order are affirmed.

Wilbur, J., and Victor E. Shaw, J., *pro tem.,* concurred.